[No. 22476. Department One. July 31, 1930.]

FRED STEVENS BYERLY, *Appellant*, v. TRAVELERS INSURANCE COMPANY, *Respondent*.[1]

[1] Reported in 290 Pac. 425.

*McMaster, Hall & Schaefer,* for appellant.

*Marvin K. Holland* and *John Wilkinson,* for respondent.

MILLARD, J.—A life insurance policy issued by the defendant upon the life of the plaintiff obligated the insurer to pay to the insured a stated monthly income for permanent total disability and to waive payment of premiums during the continuance of disability. The plaintiff brought an action upon that contract to enforce payment for eleven months' total disability, and to compel the return of premiums paid during the period of disability. The cause was tried to the court, resulting in findings and conclusions in favor of the defendant. From judgment entered, dismissing the action, the plaintiff appeals.

While differing as to the interpretation of the disability indemnity provisions of the policy, the parties are in accord as to the facts, which are as follows:

When appellant was totally disabled, August 31, 1927, by the fracture of his skull and other injuries, he had a life insurance contract with the respondent providing indemnity for death or permanent total disability of the insured. On April 17, 1928, while still totally disabled and believing in good faith that his total disability would be permanent, appellant submitted to a physical examination by respondent's physician and filed with the respondent a claim for benefits under the terms of the policy. The respondent refused to make any payments or to remit any premiums. To protect his rights, the appellant made premium payments during the period of his disability, which ceased to be total July 25, 1928. The parties stipulated that, from August 31, 1927, the appellant was totally disabled and wholly prevented from engaging in any occupation or employment for wage or

profit, and that the disability continued in the same way from that time until July 25, 1928; that, on July 25, 1928, the disability ceased to be total, and that, on September 6, 1929, when this cause was called for trial, the appellant had recovered from his injuries.

The disability indemnity provisions of the insurance policy read as follows:

"PERMANENT TOTAL DISABILITY BENEFITS.

"Upon due proof that since the payment of the initial premium upon this contract, before a default in the payment of any subsequent premium, and before the anniversary of this contract nearest to the sixtieth anniversary of the date of birth, the insured has become wholly disabled by bodily injuries or disease and will be continually and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will waive the payment of any premiums which may fall due on this contract during such disability and will pay from the commencement of such disability and during its continuance the disability income stated on the first page of this contract. The premiums so waived and the disability income so paid will not be deducted in any settlement hereunder.

"Upon proof of like disability occurring after the anniversary of this contract nearest to the sixtieth anniversary of the date of birth, the company will allow all premiums falling due thereafter during such disability to accumulate without interest as an indebtedness hereunder.

"Independently of all other causes the company will consider as permanent total disability the entire and irrecoverable loss of the sight of both eyes, or of use of both hands or of both feet, or of one hand and one foot.

"Pending due proof of a claim hereunder in behalf of the insured that an existing total disability will be permanent and continue for life, when it shall appear that the insured has been wholly disabled by bodily injury or disease and has been prevented thereby from engaging in any occupation or employment for wage

or profit for a period of not less than three consecutive months, the company will grant the aforesaid benefits from the commencement of such disability and during its continuance.''

■ Though the policy does not in terms provide indemnity for a temporary disability, it is clear that some cases of actual temporary character, like the case at bar, will fall within the disability indemnity provisions and become entitled to benefits. The appellant was totally disabled. The total disability continued for a period of not less than three consecutive months. Claim was made in good faith of the permanency of the disability. Proof of the permanency of the disability was pending. Under such a state of facts, the insurer is obligated by the fourth paragraph,

''Pending due proof of a claim . . . that an existing total disability will be permanent and continue for life, when it shall appear that the insured has been wholly disabled . . . for a period of not less than three consecutive months, the company will grant the aforesaid benefits from the commencement of such disability and during its continuance,''

which qualifies the first paragraph of the disability indemnity provisions requiring due proof of permanency of total disability, to begin the payments as of the date of the commencement of the total disability, and to continue the payments until the disability ceases to be total or until the end of the life of the insured, if the total disability proves to be permanent.

To hold otherwise, would be to hold that the language of the fourth paragraph is meaningless. The phrase, ''from the commencement of such disability and during its continuance,'' means that the monthly income will be paid during the disability of the insured, whether it be for life or for a shorter period. That language was incorporated in the policy so that, in the event the disability ceased to be permanent, the

insurer could discontinue the disability payments. Those who prepared the insurance contract contemplated just such a situation as is presented by the facts in the case at bar. They anticipated there would be cases in which total disability had continued for some time, but in which it was an open question whether the total disability would be permanent or temporary.

The disability indemnity provision is one of the attractive features of life insurance contracts. By the fourth paragraph of the disability provisions, the policy was made more valuable. That was an added inducement to purchase the policy. The insured was promised that, if he became totally disabled and the insurer was unwilling to pay him under the first paragraph of the policy, there would be no need of litigation; that, if the total disability continued for a period of three consecutive months, pending due proof of his claim in good faith of the permanency of the disability, the insurance company would pay the insured for the three months' disability, and would continue to pay the monthly disability indemnity until the question of total permanent disability was finally determined.

The judgment is reversed, and the cause remanded, with instructions to the superior court to enter judgment in favor of the appellant in accordance with his prayer.

MITCHELL, C. J., PARKER, and TOLMAN, JJ., concur.
BEALS, J., dissents.